PER CURIAM.
Daniel Martinez appeals from an order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. We affirm in part and reverse in part.
We concur with the trial court that the appellant is not entitled to additional credit for time served. The State concedes, however, that the sentences imposed for third degree felonies in appellant’s 1993 cases appear to exceed the legal maximum, and it is possible that the sentences for third degree felonies on the appellant’s 1994 eases also exceed the legal maximum.[1] We therefore remand for correction of such third degree felony sentences as needed. Defendant need not be present at resentencing.
Reversed in part, and remanded.

. For offenses committed on or after January 1, 1994, “If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence recommended under the guidelines must be imposed, absent a departure.” § 921.001(5), Fla. Slat. (1993).